**TONGIL COMPANY, LTD.,**
Plaintiff–Appellee,

v.

**The VESSEL "HYUNDAI INNOVATOR",**
Defendant,

and

**Hyundai Merchant Marine Corporation,**
Defendant–Appellant.

No. 91–55460.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1992.

Decided July 9, 1992.

Williams Woolley, Cogswell, Nakazawa & Russell, Long Beach, Cal., for defendant-appellant.

Cynthia L. Stocker, Fisher & Porter, Long Beach, Cal., for plaintiff-appellee.

Before: ALARCON, NORRIS, and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Hyundai appeals a judgment awarding Tongil $90,606.66 for damage to its equipment, which Hyundai transported to Korea. At the bench trial, Tongil put on its case without live witnesses. Instead, it used two declarations to authenticate various business records. Hyundai objected to the admission of most of the business records as inadmissible hearsay. Hyundai also objected to the two declarations used to authenticate the business records as hearsay. The district court overruled these objections. We review the decision to admit business records as evidence for abuse of discretion. *United States v. Catabran,* 836 F.2d 453, 456 (9th Cir.1988).

Fed.R.Evid. 803(6) spells out an exception to the hearsay rule for business records.[1] "The proponent of the business

---

1. Rule 803 provides:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

**(6) Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts events, conditions, opinions, or diagnoses, made at or near

the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances

records must satisfy the foundational requirements of the business records exception." *Catabran,* 836 F.2d at 457. Tongil argues that it may satisfy Rule 803(6)'s foundational requirements at trial with hearsay declarations. We disagree.

Rule 803(6) explicitly provides that the foundational requirements must be "shown by the testimony of the custodian or other qualified witness." Tongil has cited no authority, and we have found none, for the proposition that hearsay may be used to lay this foundation. Tongil's reliance upon *Zenith Radio Corp. v. Matsushita Electric Industrial Co.,* 723 F.2d 238 (3d Cir.1983), *rev'd on other grounds,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), is misplaced because it is a summary judgment case. *FDIC v. Staudinger,* 797 F.2d 908, 910 (10th Cir.1986), on which Tongil also relies, is inapposite because the custodian of records was present in court and gave live testimony.

We hold that the district court erred in permitting the declarations to be used to lay the foundation for the admission of hearsay under Rule 803(6) because the declarations are hearsay and do not fall under any exception to the hearsay rule. Because Tongil's entire case was built upon records that were improperly admitted on the basis of inadmissible hearsay declarations, we reverse and remand for a new trial. We need not reach the other issues raised by the parties.

REVERSED and REMANDED.

of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.